**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| SARAH MARIE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:16-cv-0821-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Kaymani D. West's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's[1] (the "Commissioner") decision denying plaintiff Sarah Marie Baker's ("Baker") claim for disability insurance benefits ("DIB"). Baker filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

**A.    Procedural History**

Baker filed an application for DIB on November 20, 2012,[2] alleging disability beginning August 4, 2009. Tr. 243–47. She later amended her application to change her alleged onset date to October 31, 2010. Tr. 248. The Social Security Administration

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this action."

[2] Although the application was completed on December 13, 2012, Plaintiff's protective filing date is November 20, 2012, as indicated in the Disability Determination and Transmittal. Tr. 132.

1

("SSA") denied Baker's claim initially and on reconsideration. Tr. 132, 153. Baker requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ Kevin F. Foley (the "ALJ") held a hearing on June 24, 2015. Tr. 82–117. The ALJ issued a decision on August 27, 2015, finding that Baker was not disabled under the Social Security Act (the "Act"). Tr. 72. Baker requested Appeals Council review of the ALJ's decision. Tr. 56–58. The Appeals Council declined to review the decision, Tr. 1–6, rendering the ALJ's decision the final action of the Commissioner.

On March 14, 2016, Baker filed this action seeking review of the ALJ's decision. ECF No. 1. The Magistrate Judge issued an R&R on March 10, 2017, recommending that this court affirm the ALJ's decision. ECF No. 13. Baker filed objections to the R&R on March 22, 2017, ECF No. 15, and the Commissioner responded on April 4, 2017, ECF No. 16. The matter is now ripe for the court's review.

**B.     Medical History**

Because Baker's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Baker was born on September 27, 1973, and was 37 years old at the time of her alleged disability onset date. Tr. 259. She communicates in English and has attended a technical college. Her past relevant work includes gas station cashier, fast food cashier, and general office worker. Tr. 265.

**C.     ALJ's Decision**

The ALJ employed the statutorily required five-step sequential evaluation process to determine whether Baker was disabled between October 31, 2010 and December 31, 2014, the date Baker was last insured under 20 C.F.R. § 404.1520(f). At step one, the

ALJ determined that Baker had not engaged in substantial gainful activity during the relevant period. Tr. 64. At step two, the ALJ found that Baker suffered from the following severe impairments: (1) status post tibia and sacro-ileum fractures with chronic pain, and (2) depression with anxiety. Id. At step three, the ALJ determined that Baker's impairments did not meet or medically equal any of the listed impairments in the Agency's Listing of Impairments ("the Listings"). Id. at 66; see 20 C.F.R. § 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Baker had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b), with certain restrictions. Id. More specifically, the ALJ determined that Baker: (1) could only occasionally use her left lower extremity for operation of foot controls; (2) could only occasionally kneel, crouch, crawl, or climb ramps and stairs; (3) should be limited to simple, routine, repetitive tasks involving one, two, and three step instructions; (4) should only have occasional contact with the public; and (5) should not be exposed to confrontational supervision. Id. At step four, the ALJ found that Baker was able to perform her past relevant work as an office clerk, fast food cashier, and cashier-checker as they are normally performed. Id. at 72. Therefore, the ALJ found that Baker was not under a disability, as defined by the Act, during the relevant period. Id.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the

Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III. DISCUSSION

Baker raises several intertwined objections to the R&R, all related to the ALJ's assessment of the credibility of her claims about the intensity, persistence, and limiting effects of her symptoms. Baker objects to two different types of alleged errors by the ALJ in determining her credibility: (1) the ALJ's reliance on her application for and receipt of unemployment benefits, which Baker claims to be a legal error; and (2) four factual errors, which Baker argues are not harmless. The factual errors that Baker raises

4

are that: (1) "[t]he ALJ erroneously found that Dr. [Samuel] Stone was claimant's treating physician"; (2) "[t]he ALJ stated that the November 25, 2014 note which found the claimant unable to perform a straight leg raise and having difficulty rising from a seated or lying position was almost one year after claimant's date of last insured;" (3) the ALJ failed to discuss Dr. James Rentz's entire statement when noting that the surgeon said there was "nothing wrong" with Baker; and (4) the ALJ's statement that Baker had not previously been prescribed narcotics when she had. ECF No. 15 at 7–8. The court does not agree with plaintiff's objections and finds that the ALJ's credibility assessment is supported by substantial evidence, notwithstanding the alleged errors. Additionally, the legal and factual errors that Baker has raised in her objection do not overcome the harmless error standard to warrant remand.

>**A.** **Baker's Receipt of Unemployment Benefits**

Baker claims that the R&R erred in the manner it addressed "the ALJ's determination that the Plaintiff's application for unemployment benefits was an admission that she could do her past work, which is contrary to Federal law." ECF No. 15 at 3–4. While considering many other factors to determine the credibility of Baker's claimed limitations, the ALJ found it "bothersome" that Baker received unemployment benefits following her alleged date of disability. Tr. 71. The ALJ cited South Carolina law stating that in order to be eligible for unemployment benefits, the applicant must be able to work at "at his usual trade, occupation, or business, or in such other trade . . . as his prior training or experience shows him to be fitted." S.C. Code § 41-35-110. Based on this statute, the ALJ found that in applying for unemployment benefits, Baker essentially admitted to her ability to do past work. Tr. 71.

Baker objects to this finding, ECF No. 15 at 4, citing Social Security Administration Memorandum 10-1258, which states that "receipt of unemployment benefits does not preclude the receipt of Social Security disability benefits," Memorandum from the Social Security Forum 10-1258, Vol. 32 No. 8 (Aug 9, 2010). However, that memorandum also states that "[t]he receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled . . . [and] application for unemployment benefits is evidence that the ALJ <u>must consider</u> together with all of the medical and other evidence." <u>Id.</u> (emphasis added). "Although the 'receipt of unemployment compensation does not in itself prove ability to work,' [ ] numerous courts within this circuit have held that the acceptance of unemployment benefits may weigh against an individual's credibility." <u>Vanduzer v. Colvin</u>, 2015 WL 4715974, at *21 (S.D.W. Va. Aug. 7, 2015) (quoting <u>Lackey v. Celebrezze</u>, 349 F.2d 76, 79 (4th Cir. 1965)).

In <u>Caler v. Colvin</u>, the claimant argued that the ALJ erred in denying her claim because of her receipt of unemployment benefits. 2015 WL 1862794, at *10 (D.S.C. Apr. 23, 2015). The court agreed that adjudicators cannot deny disability benefits simply because a claimant received unemployment compensation. <u>Id.</u> However, the court found it "appropriate for an ALJ to consider a claimant's receipt of unemployment compensation and the certifications that she made to a state agency to receive those benefits as one of many factors in assessing her credibility." <u>Id</u>. at 10; see also <u>Clark v. Astrue</u>, 2012 WL 6728441, at *3 (W.D.N.C. 2012) ("While receiving unemployment benefits may not <u>always</u> preclude a finding of disability, it is among the many factors that may well support a determination that a claimant is not credible."), <u>Schmidt v.</u>

Barnhart, 395 F.3d 737, 746 (7th Cir. 2005) (finding that "claimant's decision to apply for unemployment benefits and represent to state authorities and prospective employers that he is able and willing to work" is a factor that may be considered in determining credibility), Cox v. Apfel, 160 F.3d 1203, 1208 (8th Cir. 1998) ("The acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially inconsistent with a claim of disability . . .").

ALJ's are permitted to consider a claimant's acceptance of unemployment benefits in determining credibility. The court agrees with the R&R's finding that "[r]eview of the ALJ's decision makes it clear that the ALJ simply considered Plaintiff's receipt of unemployment benefits in conjunction with all the evidence when assessing credibility." ECF No. 13 at 16. As discussed below, the ALJ considered many other portions of the record that made him question the credibility of Baker's claims of debilitating pain.

### B. Factual Errors in the ALJ's Decision

Baker also objects to a number of factual errors that the ALJ made in his decision, all of which the R&R addresses. See id. at 20–27. Regardless of these errors, substantial evidence supports the ALJ's credibility determination regarding Baker's subjective claims about the intensity, persistence, and limiting effects of her symptoms.

#### 1. Errors in the ALJ's decision

Baker argues that the ALJ made the following errors in his credibility determination: (1) "[t]he ALJ erroneously found that Dr. Stone was claimant's treating physician"; (2) "[t]he ALJ stated that the November 25, 2014 note which found the claimant unable to perform a straight leg raise and having difficulty rising from a seated

or lying position was almost one year after claimant's date of last insured;" (3) that the ALJ failed to discuss Dr. Rentz's entire statement when noting that the surgeon said there was "nothing wrong" with Baker; and (4) the ALJ's statement that Baker had not previously been prescribed narcotics when she had. ECF No. 15 at 7–8.

Baker's objection failed to actually argue why these errors were not harmless, and why the decision might have been different if the ALJ had considered the evidence in the manner that Baker recommends. The court finds that the R&R adequately analyzes each of these errors and adopts that reasoning. Furthermore, and most saliently, the ALJ's errors were harmless and do not warrant remand.

The Fourth Circuit has found that errors are harmless and do not warrant remand if it is "highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of non-disability." Tanner v. Comm'r of Soc. Sec., 602 F. App'x 95, 100–01 (4th Cir. 2015); see Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) ("Reid has failed to point to any specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim."), Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (affirming the ALJ's decision because the ALJ cited "many additional reasons . . . for finding [the claimant's] testimony not credible . . . [and] because there is no question but that he would have reached the same result notwithstanding his initial error.").

In discussing the harmless error standard, Baker cites Spiva v. Astrue, where the court reasoned that "the fact that the administrative law judge, had he considered the entire record, might have reached the same result does not prove that his failure to consider the evidence was harmless." 628 F.3d 346, 353 (7th Cir. 2010). However,

when discussing harmless error in Spiva, the court criticized the Commissioner for arguing in support of the ALJ's decision by relying upon evidence from the record that the ALJ never actually mentioned in his decision. By contrast, here the Commissioner bases her support of the ALJ's decision upon the many reasons that the ALJ did in list in his decision for finding Baker not credible, as discussed in the next section. Even accounting for the errors to which Baker objects, there are still multiple significant reasons cited by the ALJ for not accepting as credible Baker's statements about the intensity and disabling nature of her pain.

### 2. Substantial Evidence Supports ALJ's Credibility Finding

In evaluating Baker's subjective claims that her symptoms are so severe as to render her disabled, the ALJ follows a two-step process. First, the ALJ will determine from the objective medical evidence whether the claimant has an actual medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence . . . would lead to a conclusion that [claimant is] disabled." 20 C.F.R. § 404.1529(a). Next the ALJ assesses the "intensity, persistence, and functionally limiting effects of the symptoms . . . to determine the extent to which the symptoms affect the individual's ability" to work. SSR 96-7p, 1996 WL 374186, at *1; see § 404.1529, Craig, 76 F.3d at 591-96 ("[T]here must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged."). At this second step, the ALJ's decision must discuss "specifically [ ] the evidence informing the ALJ's conclusion" about the credibility of the claimant's assertion of debilitating symptoms. Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989); see Mickles v. Shalala, 29

F.3d 918, 927 (4th Cir. 1994) ("Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence.").

The court must decide whether the ALJ's determination of Baker's credibility is supported by substantial evidence. Craig, 76 F.3d at 589 ("[W]e must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard… '[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on…the ALJ.'"). This court finds that the ALJ's assessment of Baker's subjective claims of her symptoms is supported by substantial evidence. Beyond the four errors in the ALJ's decision that the plaintiff points out, the R&R highlights eight items in the decision that the ALJ relied upon in determining Baker's credibility. ECF No. 13 at 19–20. First the ALJ noted that after Baker's accident and surgery, she "had an uneventful course in the hospital, and was discharged after three days." Tr. 68. Next, the ALJ discussed how Baker was not referred to a physical therapist until August 2010, almost a year after her injury, and did not attend any physical therapy appointments after her initial evaluation by the physical therapist—albeit due to lack of insurance. Id.

The ALJ observed that Baker had reported on an August 25, 2010 intake form that she engaged in various leisure activities such as walking, biking, swimming, gardening, and playing with kids. Id. Although Baker testified at the hearing that those were before her accident in October, 2009, the ALJ did not find this credible, because the form was completed in August 2010 and was in Baker's own handwriting. Id. In line

with this, the ALJ considered Baker's reported activities of participating in church functions and social activities, shopping, housework such as folding clothes and washing dishes, and occasional walks outside. Tr. 69. The ALJ also discussed Nurse Practitioner Terry Sims' treatment notes from 2010 and 2011, which include negative tests of thrombosis on the left lower leg, as well as Baker's comments about lack of leg pain, denial of problems, improved walking, and completion of physical therapy exercises. Tr. 68. The ALJ referred to the opinion of the orthopedic surgeon that Baker saw in February 2013, which stated that there was "nothing of an orthopedic nature to explain the pain that she was having; everything was well-healed and looked stable," and that Baker "[s]hould be perfectly capable of walking without a cane." Tr. 68–69. The ALJ then considered the fact that even after her accident, Baker attended a technical college full-time until she finished in 2011, after which she actively sought work. Tr. 69. Finally, the ALJ also evaluated the opinion evidence of the state agency medical consultants, who "opined that the claimant should be able to perform simple, repetitive work-related tasks" and that she had the "residual functional capacity for 'sedentary' exertion." Tr. 71.

The Fourth Circuit has held that, "if the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014). In the case at hand, the agency's original opinion did "marshal [the] support" for its decision about Baker's credibility—factual errors notwithstanding. Even more so than in Spiva and Bishop, remanding here would be a "waste of time." Despite the ALJ's errors, there is still substantial evidence supporting

11

his determination that the intensity, persistence, and limiting effects of Baker's symptoms were not severe enough to render her unable to work, as she claimed. Therefore, because the claimant has not put forth a cogent argument that the outcome would have been different if the ALJ had avoided its errors or considered the evidence in the way that Baker now suggests, the court finds that the errors are harmless and do not warrant remand.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the Magistrate Judge's R&R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

September 28, 2017
Charleston, South Carolina